# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN GARCIA, | ) | 1:10-cv-00675-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT AND CLOSE FILE |
| GEORGE BAILEY CORRECTIONAL | ) | |
| DEPARTMENT, | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | SEND PETITION BLANK FORM FOR |
| Respondent. | ) | COMPLAINT PURSUANT TO 42 U.S.C. § |
| | ) | 1983 |
| | | |
| | | NO CERTIFICATE OF APPEALABILITY |
| | | REQUIRED |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 16, 2010, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On April 26, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

Petitioner alleges that he is in custody of the Fresno County Jail as a result of a conviction for possession of a controlled substance in the San Diego "Municipal Court." (Doc. 1, p. 2). He alleges that he was sentenced on July 3, 2009 to a term of six months and released on August 14, 2009. (Id.). However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner complains that the George Bailey Correctional Institution ("George Bailey") lost or

1  threw away his personal property.  Specifically, Petitioner alleges that he was transferred from
2  George Bailey, located in San Diego, to a facility located in Vista, California, for medical
3  treatment, that he was released from custody at the Vista facility, and that when he returned to
4  George Bailey he was advised that his property had been accidentally thrown away.  (Doc. 1, p.
5  3).

## DISCUSSION

7       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
8  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
9  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
10 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
11 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
12 petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
13 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
14 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
15 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.
16 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will
17 not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the
18 Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. §
19 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
20 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
21 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
22      In this case, as mentioned, Petitioner alleges that the jail wrongfully threw away his
23 personal property after he was transferred to another facility in Vista, California.  The petition
24 contains no specific prayer for relief.  Clearly, under such circumstances, Petitioner is
25 challenging the conditions of his confinement, not the fact or duration of that confinement.  Even
26 were the Court to grant the petition, e.g., by ordering either the return of his personal property or
27 compensation therefore, such relief would "not necessarily shorten the prisoner's sentence."
28 Ramirez, 334 F. 3d at 859.  Therefore, Petitioner is not entitled to habeas corpus relief, and this

petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

4. No certificate of appealability is required in this case.

IT IS SO ORDERED.

Dated:  **April 29, 2010**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE